JUDGE: Matthew F. Kennelly
Magistrate Judge: Michael T. Mason
Lead Case Number: 11 cv 2496
Filed: 4/13/11
Dmkf

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NAVISTAR 6.0 L DIESEL ENGINE
PRODUCTS LIABILITY LITIGATION  MDL No. 2223

### TRANSFER ORDER

**Before the Panel:** Plaintiffs in six actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of California or, alternatively, the Middle District of Tennessee. This litigation currently consists of seven actions listed on Schedule A and pending in seven districts, one action each in the Western District of Arkansas, the Southern District of California, the Northern District of Illinois, the Southern District of Mississippi, the Eastern District of North Carolina, the Middle District of Tennessee, and the District of Utah.[1]

Plaintiffs in four potentially-related actions support centralization in the Middle District of Tennessee and do not oppose centralization in the Northern District of Illinois or the District of South Carolina. Plaintiffs in the Northern District of Illinois action and defendants, Navistar, Inc. (Navistar) and Ford Motor Company (Ford), suggest centralization in the Northern District of Illinois. Alternatively, defendants suggest centralization in the District of South Carolina.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that a 6.0-liter diesel engine used in certain Ford vehicles and supplied by Navistar is defective. In all actions, plaintiffs allege various defects in the design and manufacture of Ford's Power Stroke Diesel Engine, supplied by Navistar and used in certain 2003-2007 model year pick-up trucks manufactured by Ford. Named plaintiffs allege that the engines in their vehicles experienced problems such as blown head gaskets, valve ruptures, poor engine acceleration, inability to start the engine, engine stalling and complete loss of power while driving, and complete engine failure. While Navistar is not named as a defendant in all actions, centralization does not require a complete identity of parties.

---

[1] The parties have notified the Panel that eight additional related actions are pending, one action each in the Eastern District of Louisiana, the Middle District of Louisiana, the District of Maine, the Western District of North Carolina, the Northern District of Ohio, the District of Puerto Rico, the District of South Carolina, and the Eastern District of Virginia. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

-2-

Our intent, however, is not to create an MDL which attracts every products liability case concerning 2003-2007 Ford vehicles having 6.0 liter diesel Navistar-supplied engines. The actions before the Panel, and those that will benefit from these centralized proceedings, will each involve questions relating to whether a class action remedy is available.

Several of the proposed districts would present very acceptable choices for assignment as the transferee court. Among those, the Northern District of Illinois has several attributes which recommend it above the others. The first-filed action has been pending there for over a year before Judge Matthew F. Kennelly, who can effectively manage this litigation. Defendants' headquarters, and therefore relevant documents and witnesses, are located in or relatively near this district. In contrast, other suggested districts do not have similarly significant ties to the litigation. Defendants, who initially opposed centralization, now support it and prefer this district, and several responding plaintiffs support or do not oppose centralization in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Matthew F. Kennelly for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         David R. Hansen
W. Royal Furgeson, Jr.    Frank C. Damrell, Jr.
Barbara S. Jones          Paul J. Barbadoro

IN RE: NAVISTAR 6.0 L DIESEL ENGINE
PRODUCTS LIABILITY LITIGATION     MDL No. 2223

## SCHEDULE A

Western District of Arkansas

Joe Waggoner, et al. v. Navistar, Inc., et al., C.A .No. 5:10-05228    11 cv 2497

Southern District of California

Brandon Burns v. Navistar, Inc., et al., C.A. No. 3:10-02295    11 cv 2498

Northern District of Illinois

Custom Underground, Inc., et al. v. Ford Motor Company, C.A. No. 1:10-00127

Southern District of Mississippi

Johnny Quiroz v. Navistar, Inc., et al., C.A. No. 2:10-00282    11 cv 2499

Eastern District of North Carolina

Forrest Pace v. Navistar, Inc., et al., C.A. No. 4:10-00180    11 cv 2501

Middle District of Tennessee

Dennis Tacker v. Navistar, Inc., et al., C.A. No. 3:10-01080    11 cv 2502

District of Utah

Betty Ann Gould v. Navistar, Inc., et al., C.A. No. 2:10-01145    11 cv 2503