**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: NAVISTAR DIESEL ENGINE PRODUCTS LIABILITY LITIGATION | )<br>)<br>) | Case No. 11-cv-2496<br>MDL No. 2223 |

This Document Relates to: All Cases

## PRELIMINARY APPROVAL ORDER

The parties to the above-captioned action have entered into a Settlement Agreement (submitted to the Court on November 1, 2012) to settle the above-captioned putative class actions in their entirety, and Named Plaintiffs have filed a Motion for Preliminary Approval of Class Action Settlement and a supporting memorandum, which Ford supports. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement, which is incorporated herein by reference.

The Court has read and considered the Settlement Agreement and all the Exhibits thereto, including the proposed Class Notice. The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement and authorizing the steps necessary to determine whether the Settlement Agreement should be finally approved and the Litigation dismissed (including the dissemination of Class Notice).

IT IS HEREBY ORDERED that:

1

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement only, a Settlement Class consisting of:

> All entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a Ford model year 2003-2007 non-ambulance Ford vehicle sold or leased in the United States and equipped with a 6.0-liter PowerStroke diesel engine that received one or more repairs covered by Ford's New Vehicle Limited Warranty during the vehicle's first five years in service or 100,000 miles, whichever comes first, to: a fuel injector; the exhaust gas recirculation ("EGR") valve; the EGR cooler; the oil cooler; or the turbocharger.
>
> Excluded from the Settlement Class are: (a) all federal court judges who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses; (b) all entities and natural persons who elect to exclude themselves from the Settlement Class; (c) all entities and natural persons who have previously executed and delivered to Ford Motor Company releases of all their claims, including, but not limited to, members of the settlement class in Williams A. Ambulance, Inc.,, et al. v. Ford Motor Company, Case No. 1:06-cv-776 in the United States District Court for the Eastern District of Texas, Beaumont Division; (d) all entities and natural persons who: (1) prior to November 1, 2012, filed an individual lawsuit (i.e., a lawsuit that does not seek certification as a class action) in any court asserting causes of action of any nature, including but not limited to claims for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory and injunctive relief, common law, property, warranty and equitable claims) based upon the 6.0L engine in a Class Vehicle, and (2) have not voluntarily dismissed such lawsuit without prejudice; and (e) Defendant's employees, officers, directors, agents, and representatives and their family members.

2. The Court hereby appoints Plaintiffs Custom Underground, Inc.; John Barrett; Scott and Heather Gray; Frank Brown Towing, Inc.; Cecil and Tressie Fulton; Karl Strong; Dinonno Enterprises, Inc., d/b/a Cutting Edge Concrete Cutting; Charles Clark; Georgean Vogt;

2

John Prebish; Steve Santilli; Anthony Mawyer; Gena Boggero; Carl Atwell; Phillip Marcum; and James Hutton to serve as class representatives.

3. The Court hereby appoints Michael A. Caddell, Cynthia B. Chapman and Cory S. Fein of Caddell & Chapman, 1331 Lamar, Suite 1070, Houston, TX 77010-3027; Richard J. Arsenault, of Neblett, Beard & Arsenault; Daniel E. Becnel, Jr. of Becnel Law Firm, L.L.C.; Mitchell A. Toups of Weller Green Toups & Terrell; Charles Schaffer of Levin, Fishbein, Sedran & Berman; Patrick W. Pendley of Pendley, Baudin & Coffin, L.L.P.; Peter J. Cambs of Parker Waichman Alonso, LLP; Mark P. Chalos of Lieff Cabraser Heimann & Bernstein; John F. Nevares of John F. Nevares & Associates, P.S.C.; William E. Hopkins, Jr. of Beasley Allen Crow Methvin Portis & Miles, P.C.; John R. Climaco of Climaco, Wilcox, Peca, Tarantino & Garofoli Co., LPA; Richard Barrett of the Law Offices of Richard R. Barrett, PLLC; Roy A. Katriel of The Katriel Law Firm; and Robert K. Shelquist of Lockridge Grindal Nauen P.L.L.P. to serve as Class Counsel.

4. The preliminary certification of this action as a class action is for settlement purposes only and the appointment of Class Counsel shall be terminated and without further force or effect and without prejudice to any party in connection with any future proceedings in these actions, including any future motion with respect to class certification, if: (a) the Court does not give final approval to the Settlement Agreement and enter the Final Order and Judgment substantially in the form appended to the Settlement Agreement, or (b) this Court's approval of the Settlement Agreement and/or entry of the Final Order and Judgment are reversed on appeal.

5. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Notice to the members of the Settlement Class.

This determination permitting notice to the Settlement Class is not a final finding that the Settlement Agreement is fair, reasonable and adequate, but simply a determination that there is probable cause to disseminate Class Notice to the Settlement Class Members and hold a hearing on final approval of the proposed settlement.

6. Ford is authorized and directed to establish an administrative mechanism for receiving requests from Settlement Class Members to exclude themselves from the Settlement Class.

7. In conjunction with moving for final approval, Class Counsel may apply to the Court for an award of attorneys' fees and expense reimbursement covering all legal services provided to the Named Plaintiffs and Settlement Class Members in connection with the litigation and settlement of the Litigation (the "Fee and Expense Application"). The Fee and Expense Application shall be filed by April 10, 2013, and shall seek a maximum of $12,800,000 in attorneys' fees and $1,250,000 in verified expenses.

8. Also in conjunction with moving for final approval, Class Counsel may submit an application for a $150,000 service award, to be allocated by the Court among the Named Plaintiffs identified in the Master Class Action Complaint to be paid by Ford separately from the fee and expense award.

9. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1715(d), a hearing (the "Fairness Hearing") shall be held on May 22, 2013 at 9:30 a.m. before the undersigned at Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 for the purpose of finally determining whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court via entry of the Final Judgment and Order attached to the Settlement

Agreement and, if so, what amount of reasonable attorneys' fees and reasonable reimbursement of costs and expenses should be awarded to Class Counsel, and whether the service awards shall be awarded.

10. Approval is hereby given to the form of the Class Notice, attached to the Settlement Agreement as Exhibit D, to Settlement Class Members. The Court finds that the Class Notice reasonably informs the Class Members of the material terms of the Settlement and their rights and responsibilities in connection with the Settlement, and once distributed pursuant to the Plan of Distribution detailed below, constitutes valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The costs of providing Class Notice to the Settlement Class Members shall be borne by Ford.

11. On or before March 13, 2013, Ford shall cause to be delivered by United States Postal Service first-class mailing, postage prepaid, copies of the Class Notice containing the language in Exhibit D to the Settlement Agreement to be mailed to the current address of each original and subsequent purchaser or lessee of a Class Vehicle for whom Ford can reasonably obtain an address. The Court finds that such individual notice is the best notice practicable under the facts and circumstances of this case.

12. If it has not done so already, Ford shall provide to the Attorney General of the United States and the attorneys general of the states and territories in which Settlement Class Members reside the information specified in 28 U.S.C. § 1715 by the deadline established in that statute.

13. On or before May 15, 2013, Ford shall provide a declaration attesting to its compliance with its notice obligations. The declaration shall include: (a) the total number of

Settlement Class Members, (b) a sample copy of the as-mailed Class Notice, (c) the process by which Ford obtained a mailing list for the Class Notice, (d) the number of Class Notices mailed and the range of dates within which such Notices were mailed, and (e) the number of Class Notices returned.

14. Each potential Settlement Class Member who wishes to be excluded from the Settlement Class must submit via United States Postal Service first-class mailing a Request for Exclusion to the address specified in the Class Notice, which address shall be a site under Ford's control. Such Requests for Exclusion must be received at that address on or before April 24, 2013. To be effective, the Request for Exclusion must: (a) include the Settlement Class Member's full name, address, and telephone number, (b) identify the model, model year, and vehicle identification number of his, her or its Class Vehicle, (c) specifically and unambiguously state his, her or its desire to be excluded from the Settlement Class in *In re: Navistar Diesel Engine Products Liability Litigation*, and (d) be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, the Request for Exclusion additionally must be signed by such counsel).

15. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion to the required address, or communicates his, her or its intentions regarding membership in the Settlement Class in an ambiguous manner, shall be subject to and bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class pursuant to the Settlement Agreement unless determined otherwise by the Court. Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to request an exclusion from the Class will be evaluated jointly by counsel for the Parties, who will

make a good-faith evaluation if possible. Any uncertainties about whether a Settlement Class Member requested to exclude himself/herself from the Settlement Class will be resolved by the Court.

16. On or before May 15, 2013, Ford shall tabulate Requests for Exclusion from prospective Settlement Class Members and shall report the names and addresses of such persons to the Court and to Class Counsel.

17. Any member of the Settlement Class who intends to object to the fairness of the Settlement Agreement (including Class Counsel's Fee and Expense Application) must, by April 24, 2013, file any such objection with the Court, and provide copies of the objection to: Michael A. Caddell of Caddell & Chapman, 1331 Lamar, Suite 1070, Houston, TX 77010-3027 and Brian C. Anderson, O'Melveny & Myers, LLP, 1625 Eye Street, NW, Washington, DC 20006. Any objection to the Settlement Agreement must be individually and personally signed by the Settlement Class Member (if the Settlement Class Member is represented by counsel, the objection additionally must be signed by such counsel), and must include: (a) the objector's full name, address, and telephone number, (b) the model, model year, and vehicle identification number of his, her, or its Class Vehicle(s), along with proof that the objector has owned or leased a Class Vehicle (*i.e.*, a true copy of a vehicle title, registration, or license receipt), (c) a written statement of all grounds for the objection accompanied by any legal support for such objection, (d) copies of any papers, briefs, or other documents upon which the objection is based, (e) a list of all cases in which the objector and/or their counsel has filed or in any way participated in—financially or otherwise—objections to a class action settlement in the preceding five years; (f) the name, address, email address, and telephone number of all attorneys representing the objector; and (g) a statement indicating whether the objector intends to appear at the Fairness

Hearing, and if so, a list of all persons, if any, who will be called to testify in support of the objection.  Any member of the Settlement Class who does not properly file a timely written objection to the settlement and notice of his, her or its intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

18. On or before May 15, 2013, the parties to this Litigation and to the Settlement Agreement shall file any memoranda or other materials in support of final approval of the Settlement Agreement, including in response to any timely and properly filed objection to the Settlement Agreement.  Such materials shall be served on Class Counsel, counsel for Ford, and on any member of the Settlement Class (or their counsel, if represented by counsel) to whose objection to the Settlement Agreement the memoranda or other materials respond.

19. Following the Fairness Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be finally approved and, if so, what amount of reasonable fees and expenses should be awarded to Class Counsel, and whether a service award of $150,000 total, to be allocated by the Court among the Named Plaintiffs identified in the Master Class Action Complaint, will be awarded.  If the Court determines the Settlement is reasonable, fair, and adequate, the Court will issue a Final Order and Judgment memorializing its decision in the form contemplated by Exhibit C of the Settlement Agreement. The Court will also issue an Order awarding reasonable fees and expenses to Class Counsel.

20. Pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

SIGNED at Chicago, Illinois this \_\_\_\_ day of _____, 2012

                                          _____
MATTHEW F. KENNELLY
United States District Judge